UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**STEPHANIE VALENZUELA,**

         **Plaintiff,**     **CIVIL ACTION NO.:** 3:20-cv-0695

**v.**

**CAPITAL ONE, N.A.,**

Serve: c/o Corporation Service Company
      100 Shockoe Slip, Fl. 2
      Richmond, VA 23219

**KOHL'S, INC.,**

Serve: c/o Corporate Creations Network
      Inc., 425 W Washington St Ste 4,
      Suffolk, VA 23434 - 5320

         **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Stephanie Valenzuela ("Ms. Valenzuela"), by and through her attorneys, alleges the following violations of her federal consumer protection rights against Defendant Capital One, N.A. ("Capital One") and Kohl's, Inc. ("Kohl's") (collectively "Defendants").

## INTRODUCTION

1.  Count I of Ms. Valenzuela's Complaint against Defendants is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the

Federal Communications Commission ("FCC").

2. Count II of Ms. Valenzuela's Complaint against Kohl's is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. The FDCPA is a federal statute that prohibits debt collectors such as Kohl's from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts, including telephone calls with the intent to annoy, abuse, or harass the consumer.

## JURISDICTION

3. Jurisdiction of this court arises under 47 U.S.C. §227, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331.

4. Federal question jurisdiction exists because Defendants' conduct violates Ms. Valenzuela's rights under the TCPA, and Kohl's conduct violates Ms. Valenzuela's rights under the FDCPA, both federal statutes.

5. Capital One's decisions regarding the credit card(s) at issue and the collection on those credit card(s) are made in Virginia.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the geographic boundary of the Eastern District of Virginia and both Defendants have a physical presence, do business in, and have registered agents in this District and Division.

7. Because Defendants' conduct was aimed at, the effects of their conduct was suffered in, and they transact business in the Eastern District of Virginia, personal jurisdiction is established.

## PARTIES

8. Ms. Valenzuela is a natural person residing in Hampton, Virginia.

9. Ms. Valenzuela is a "consumer" as defined under 15 U.S.C. §1692a(3).

10. Capital One is a creditor with a principal place of business and registered agent located in Richmond, Virginia.

11. Kohl's is a "debt collector" as defined under 15 U.S.C. §1692a(6).

12. Kohl's is Wisconsin corporation that has multiple physical locations and transacts business in Virginia.

13. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

15. Defendants are attempting to collect one or more alleged debts from Ms. Valenzuela, originating from a Kohl's-branded Capital One credit card.

16. Kohl's regularly uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due Capital One.

17. In collecting or attempting collection of debts owed or due or asserted to be owed or due Capital One, Kohl's holds itself to be a "debt collector".

18. In collection attempts sent to Ms. Valenzuela, Kohl's held itself to be a "debt collector" for Ms. Valenzuela's debt owed or due or asserted to be owed or due Capital One.

19. In or around November 2018, Ms. Valenzuela began receiving telephone calls from Defendants to her cellular phone.

20. The calls mainly originated from the numbers: (262) 704-9378; (210) 346-2817; (903) 593-8790; (800) 955-6600; (414) 257-2339; (757) 707-8966; (757) 383-8998; (757) 975-8004; (262) 704-9780; (757) 644-3347; (757) 707-8946; (757) 707-8939; (757) 707-8950; (757) 707-8952; (757)707-8952; (757) 975-8004; (757) 216-9572; (757)216-9578; (757) 350-8288; (757) 448-3257; (757) 644-3313; (757) 707-8349; (757) 707-8652; (757) 707-8938; (757) 707-8944; (757) 707-8955; (757) 776-0055.

21. Upon information and belief, these phone numbers are owned, operated or controlled by the Defendants or their agent(s).

22. On or about November 17, 2018 at 8:56 a.m., Ms. Valenzuela answered a call from one of the Defendants and spoke with a representative.

23. After picking up the call, Ms. Valenzuela noticed an unusually long delay before the representative began speaking, and right before the representative began speaking Ms. Valenzuela heard a short burst of dialing tones, consistent with the use of an automatic dialing system.

24. The representative indicated that they were attempting to collect a debt from

Ms. Valenzuela.

25. Ms. Valenzuela informed the representative that she was experiencing a financial hardship because of her health, did not have the money to pay and requested the calls to stop, thereby revoking consent to be called on her cellular phone.

26. Despite Ms. Valenzuela expressly revoking consent to be called and explaining that she could not pay at the time, Defendants began a harassment campaign by calling Ms. Valenzuela on her cellular phone relentlessly for about a year.

27. Only 10 days after the first time she asked that the calls stop, on November 27, 2018 at approximately 6:56 p.m., Ms. Valenzuela answered another call from the Defendants.

28. As on the previous call, Ms. Valenzuela noticed an unusually long delay before the representative began speaking, and right before the representative began speaking Ms. Valenzuela heard a short burst of dialing tones, consistent with the use of an automatic dialing system. The representative indicated that they were attempting to collect a debt from Ms. Valenzuela. Ms. Valenzuela informed the representative that she was experiencing a financial hardship because of her health, did not have the money to pay and requested the calls to stop, thereby revoking consent to be called on her cellular phone for a second time.

29. Upon information and belief, Ms. Valenzuela answered about three more calls from Defendants, and in all of them she asked that Defendants stop calling her on her cellular phone.

30. Between November 2018 and October 2019, Defendants called Ms.

Valenzuela's cellular telephone no less than **TWO HUNDRED AND FORTY (240) times** after Ms. Valenzuela revoked consent to be called multiple, and as many as five, times.

31. Upon information and belief, Defendants consented or acquiesced to the manner, number, pattern, timing, and all other circumstance relating to the calls made by each other to Ms. Valenzuela's cellular phone.

32. Defendants called Ms. Valenzuela almost every day, including the weekends.

33. Defendants went as far as calling Ms. Valenzuela several times a day.

34. Defendants called Ms. Valenzuela at all times during the day, from as early as 8 am to as late as 8 pm.

35. Upon information and belief, Defendants also called and texted, or attempted to call and text friends and family of Ms. Valenzuela with the intention that they would communicate to Ms. Valenzuela that Defendants were attempting to collect a debt from her, causing Ms. Valenzuela additional embarrassment and distress.

36. Upon information and belief, Defendants called Ms. Valenzuela and delivered prerecorded or artificial voice messages.

37. Upon information and belief, Defendants' automatic dialers failed to return to the on-hook state within 60 seconds of completion of dialing.

38. Defendants are familiar with the TCPA, and Kohl's is familiar with the FDCPA.

39. Defendants' conduct was not only done willfully but was done with the intention of causing Ms. Valenzuela such distress, so as to induce her to pay the debt.

40. Each and every one of Defendants' telephone calls caused Ms. Valenzuela

distraction, annoyance, frustration, and temporary loss of use of her telephone line.

41. Defendants' conduct was oppressive, outrageous, and exceeded reasonable collection efforts. Defendants' conduct was especially unreasonable because they called relentlessly shortly after Ms. Valenzuela explained why she could not make a payment and revoked consent twice and even as many as five times.

42. As a result of Defendants' conduct, Ms. Valenzuela has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

43. Ms. Valenzuela incorporates by reference the foregoing paragraphs as though fully stated herein.

44. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called

    party is charged for the call."

  b. Within four years prior to the filing of this action, on multiple occasions Defendants violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party".

45. As a result of Defendants' violations of 47 U.S.C. §227, Ms. Valenzuela is entitled to declaratory judgment that Defendants' conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Defendants' knowingly and/or willfully violated the TCPA, Ms. Valenzuela is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Kohl's Violations of the FDCPA, 15 U.S.C. 1692 *et seq.*

46. Ms. Valenzuela incorporates by reference the foregoing paragraphs as though fully stated herein.

47. Kohl's violated the FDCPA. Kohl's's violations include, but are not limited to, the following:

  a. Communicating with Ms. Valenzuela at an unusual time, place, or manner known to be inconvenient to the consumer. 15 U.S.C. §1692c(a)(1).

    b.    Communicating, in connection with the collection of Ms. Valenzuela's debt, with any person other than the consumer. 15 U.S.C. §1692c(b).

    c.    Engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d.

    d.    Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. 15 U.S.C. §1692d(5).

    e.    Using false, deceptive, or misleading means in connection with the collection of any debt, including using no less than four different phone numbers to call Ms. Valenzuela, and attempting to collect on a debt simultaneously with the creditor. 15 U.S.C. §1692e.

    f.    Using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

48.    Kohl's conduct, as described above, is actionable under 15 U.S.C. §1692.

49.    The FDCPA provides a consumer with a private right of action against a debt collector for both actual and statutory damages and allows the consumer to recover her reasonable attorneys' fees and costs. §1692k(a).

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Ms. Valenzuela hereby demands a trial by jury of all issues triable by jury.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Stephanie Valenzuela respectfully requests judgment be entered against Defendants Capital One Bank USA, N.A. and Kohl's Department Stores, Inc. for the following:

A. Declaratory judgment that Capital One violated the TCPA;

B. Declaratory judgment that Kohl's violated the TCPA, and the FDCPA;

C. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

D. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

E. Actual, statutory and punitive damages for Kohl's's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a);

F. Awarding reasonable attorneys' fees and costs against Kohl's pursuant to 15 U.S.C. §1692k(a)(3);

G. Awarding Ms. Valenzuela any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

STEPHANIE VALENZUELA

By: _____/s/_____
Susan M. Rotkis
Virginia Bar No. 40693
Attorney for Plaintiff
Price Law Group, APC
382 S. Convent Ave.

Tucson, AZ 85701
T: (818) 600-5506
F: (818) 600-5405
susan@pricelawgroup.com